UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| URIAH MARQUIS PASHA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-595-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA PAYTON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiff Uriah Pasha's motion for reconsideration filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Record No. 12] Pasha's motion seeks reconsideration of the Court's November 7, 2018 Order, to the extent that the Order severed Plaintiff Blane Seeber's claims from this action and denied Pasha's motion to proceed *in forma pauperis*. Pasha further states that, should the undersigned fail to rescind this Order, he must recuse himself "for being in cahoots with the Defendants." [Record No. 12 at p. 4] Pasha loses regarding both arguments.

A court may grant relief under Rule 59(e) only to (1) correct a clear error of law; (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *American Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanek*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012). Pasha's motion does not satisfy any of these criteria.

Pasha first challenges the Court's decision to sever Seeber's claim as an abuse of the Court's discretion under Rule 20 of the Federal Rules of Civil Procedure. He argues that joinder of Seeber's claims was proper because the Complaint alleges that two of the fifteen named Defendants (i.e., Davis Brown and Brett Shearer) separately assaulted both Pasha and Seeber within a four-day time period. Thus, Pasha claims that he and Seeber assert a right to relief jointly against Brown and Shearer and that their cases have a common nexus. [Record No. 12 at p. 1, 3, 5]

But the Court has already considered the matter and found that, notwithstanding the proximity in time between the two alleged assaults, Seeber's claims arise from a specific incident that is separate and distinct from the alleged incidents giving rise to Pasha's claims. [Record No. 7] Moreover, Pasha and Seeber are not entitled to "joint" relief merely because they allege constitutional claims against overlapping defendants. Indeed, Seeber's right to relief regarding his claims is in no way contingent upon or otherwise related to Pasha's claims and potential recovery. Therefore, the Court adheres to its prior conclusion: the temporal proximity in this case is insufficient to establish that Pasha and Seeber's claims arise from the "same transaction, occurrence, or series of transactions or occurrences," for purposes of Rule 20.

Pasha also contends that joinder is necessary because he "added Seeber to this action to help Seeber protect his rights. As the Court has stated, Pasha's claims can stand alone, but Seeber's can not because Seeber is a layman to the law." [Record No. 12] However, the Sixth Circuit has consistently interpreted 28 U.S.C. § 1654 "as prohibiting pro se litigations from trying to assert the rights of others." *Olagues v. Timken*, 908 F.3d 200 (6th

Cir. 2018) (collecting cases). *See also Crawford v. United States Dep't of Treasury,* 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). As the court explained, the rule against non-lawyer representation applies for good reason, as it "protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Olagues*, 908 F.3d 200 (quoting *Bass v. Leatherwood*, 788 F.3d 228, 230 (2015)). Thus, "while a pro se plaintiff can 'squander' his own rights, he cannot waste the rights of other persons or entities." *Id.* Similarly, this Court will not permit Pasha – who is not a lawyer, who has shown a propensity to engage in frivolous litigation, and who is no longer housed in the same facility as Seeber – to potentially "squander" Seeber's rights by allowing Pasha to assert Seeber's claims for him on his behalf.

Next, Pasha challenges the assessment of the full $400.00 filing and administrative fee. He reasons that the Complaint is considered "filed" (and the filing fee is due) at the moment it arrives at the office of the Clerk of the Court. When this complaint was "filed" with the Clerk, there were two individuals named as plaintiffs. Accordingly, Pasha argues that, notwithstanding the improper joinder of Seeber and Pasha's claims, he cannot be assessed with any amount other than $200.00, which was his "fair share" of the filing fee when the complaint was filed. [Record No. 1 at p. 1-2] Again, he is wrong.

The case relied upon by Pasha in support of his argument, *In re Alea*, 286 F.3d 378 (6th Cir. 2002), simply does not support Pasha's logic. In *Alea*, the Sixth Circuit held that, it was not an abuse of discretion to assess the full filing fee against Pasha (who brought

that case using the name "Jacta Est Alea," which is one of Pasha's known aliases), notwithstanding the district court's dismissal of his case under the three-strikes provision of 28 U.S.C. § 1915(g). *Id*. The district court had rejected Pasha's argument that, as he had been barred from proceeding *in forma pauperis* under § 1915(g) and his case had then been dismissed for failure to pay the full filing fee, as a consequence no filing fee was due, and held that "the obligation to pay the filing fee arose at the time the petitioner submitted his complaint to the district court and … the subsequent dismissal of that action did not relieve the petitioner of the duty to pay the fee in full by subsequent deductions from his prison account." *Id*. at 380.

The Sixth Circuit affirmed, noting that the intent of the Prison Litigation Reform Act of 1995 (the "PLRA"), 28 U.S.C. § 1915, "was to deter frivolous and vexatious prisoner litigation by exposing prisoners to the same financial risks and considerations faced by other litigants." *Id*. at 380 (citations omitted). Specifically, the "three strikes" provision of § 1915(g) "forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions" if they have had three prior dismissals on the grounds that an action or appeal is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id*. (quoting *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999)). *See also* 28 U.S.C. § 1915(g). The Sixth Circuit found that requiring the prisoner to pay the full filing fee, regardless of the disposition of the case, is not unfair, as it

> will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to

> continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*Id.* at 382.

Similarly, this Court finds that to permit Pasha to avoid the full filing fee by improperly joining other plaintiff's claims to his at the outset would also be contrary to the intent of the PLRA. Having made the decision to repeatedly engage in frivolous litigation (and thus taking up considerable amounts of time and resources on the part of various federal courts and court staff), Pasha must live with the consequences that he must pay the filing fees in full at the outset of any civil action that he seeks to file in federal court. He may not avoid these consequences by improperly joining other plaintiff's claims with his.

Pasha also argues that, because his complaint alleges that, while he was housed at the Northpoint Training Facility ("Northpoint"), he was assaulted and deprived the use of a wheelchair during a medical emergency, sexually abused, physically injured, forced to walk outside in the cold without any workshoes, denied his hearing impaired device, and transferred to a maximum security facility, he falls within the "imminent danger" exception to the three strikes provision of § 1915(g). [Record No. 12 at p. 3] Under this exception, even a prisoner barred from proceeding *in forma pauperis* under § 1915(g) may still do so if "the prisoner is under imminent danger of serious physical injury."

The purpose of this exception is to permit an endangered inmate to pursue claims for the purpose of obtaining a judicial remedy to prevent the "imminent danger of serious

physical injury" from becoming manifest, even if his or her past litigation has been frivolous or without merit. However, to allege sufficiently imminent danger, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder,* 290 Fed. App'x. 796, 797 (6th Cir.2008)). "Thus a prisoner's assertion that he or she faced danger *in the past* is insufficient to invoke the exception." *Id*. (emphasis added) (citations omitted). *See also Taylor v. First Med. Mgmt.,* 508 F. App'x 488, 492 (6th Cir. 2012) ("Allegations of past dangers are insufficient to invoke the exception.").

Here, Pasha's claims relate to wrongful conduct that allegedly occurred at while he was incarcerated at Northpoint, a facility in which he is no longer incarcerated, nor in which he was housed at the time that he filed the Complaint. Thus, the allegations that he faced danger and/or suffered injury at Northpoint Training Center in the past is insufficient to invoke the "imminent danger" exception to § 1915(g). Therefore, to proceed with this litigation, he must pay the entire filing fee in full in accordance with the requirements of the Court's November 7, 2018 Order. [Record No. 7]

The Court will deny Pasha's motion to reconsider for the reasons outlined above. [Record No. 12] Moreover, to the extent that Pasha suggests that the Court must recuse itself if his motion is denied, he has failed to identify the existence of any grounds which would require recusal under 28 U.S.C. § 455. Instead, Pasha argues that if the Court makes a decision with which he does not agree, recusal is required because it shows bias towards the opposing party. However, "judicial rulings alone almost never constitute a valid basis

for a bias or partiality motion … [A]lmost invariably, they are proper grounds for appeal, nor for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). *See also Williams v. Anderson*, 460 F.3d 789, 815 (6th Cir. 2006). Thus, to the extent that Pasha seeks recusal, that request will be denied.

Finally, the Court cannot overlook the hostile tone of the motion to reconsider filed by Pasha. Courts must afford additional latitude to parties untrained in the law, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), as their misguided actions may be the consequence of inexperience or lack of specialized knowledge rather than borne of a desire to harass or delay. But this forgiving approach to compliance with procedural rules has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113 (1993), and the courts have never allowed "the right of self-representation [to be used as] a license to abuse the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975).

Even a court's "special solicitude" towards *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007) (imposing pre-filing restrictions against a litigant "unwilling[] to accept unfavorable rulings on her claims. Each time her claims are dismissed, she repackages them with new labels, against new defendants, and in new courts, as part of an 'ever-broadening conspiracy theory.'").

Any person proceeding *pro se* who repeatedly files frivolous and/or abusive motions abuses the right to represent himself without counsel and the privilege of proceeding

without payment of the filing fee and imposes a heavy burden upon the resources of the court at the expense of other litigants with potentially meritorious claims. Simply put, this conduct will not be tolerated. Pasha is advised that the Court may impose sanctions as may be necessary and appropriate to deter such conduct, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991), and will not hesitate to do so should Pasha continue to file frivolous and/or abusive motions and/or pleadings.

Accordingly, it is hereby

**ORDERED** that Pasha's motion to reconsider and motion for recusal [Record No. 12] is **DENIED**.

Dated: November 29, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge