UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| URIAH MARQUIS PASHA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-595-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA PAYTON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 1, 2018, Blane Seeber and Uriah Marquis Pasha jointly filed a civil rights complaint against prison officials under 42 U.S.C. § 1983. [Record No. 1] At the time of the filing, Seeber was confined at the Northpoint Training Center in Burgin, Kentucky, while Pasha was located at the Kentucky State Reformatory in LaGrange, Kentucky. After reviewing the online PACER database, the Court determined that "Uriah Marquis Pasha, who has also proceeded under the aliases "Jacta Est Alea" and "Kenneth Uriah Ross", has filed approximately 56 civil lawsuits and/or appeals in the United States District Courts for the Eastern and Western District of Kentucky, the United States District Court for the Central District of California, and the United States Court of Appeals for the Sixth Circuit, including approximately seven petitions for a writ of habeas corpus.

As the Court pointed out in its November 7, 2018, Order, under 28 U.S.C. § 1915(g), a prisoner must pay the filing fee in full at the outset of the case if the prisoner has, while in custody, filed three or more civil cases or appeals in federal court which were dismissed

-1-

as frivolous or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). [Record No. 7] Further, the Court noted that, Pasha has repeatedly been barred from proceeding in civil litigation without payment of the filing fee in full at the outset of the case pursuant to § 1915(g). *See In re Alea*, 286 F.3d 378 (6th Cir. 2002) (recognizing that Pasha, aka, Jacta Est Alea, meets the criteria for application of the "three strikes" provision of § 1915(g)). *See also, e.g.*, *Huffines, et al., v. Rees*, No. 3: 05-cv-125-CRS (W.D. Ky.) at Record No. 35 (denying Pasha's motion to proceed *in forma pauperis* pursuant to § 1915(g)) and Record No. 55 (dismissing the complaint on screening for failure to state a claim); *Jacta Est Alea (aka, Uriah Marquis Pasha) v. P.A. Rose, et al.*, No. 99-cv-201-TBR-CCG (W.D. Ky.) at Record No. 10 (vacating order granting plaintiff *in forma pauperis* status, as he is required to pay full filing fee at the time of filing pursuant to § 1915(g)); *Jacta Est Alea (aka, Kenneth Uriah Ross, aka, Uriah Marquis Pasha) v. Kentucky Law Makers-Justices, et al.*, No. 3: 99-cv-362-JGH-JDM (W.D. Ky.) at Record No. 4. [Record No. 7] Thus, as a result of the three strikes provision of § 1915(g), Pasha was not allowed to proceed *in forma pauperis* in this action.

Turning to the nature of the claims asserted by Seeber and Pasha, the Court also noted that, while the Complaint spans 30 pages and consists of 132 numbered paragraphs, only 12 of those paragraphs relate to Seeber's claims of excessive force and inadequate medical care arising from a specific incident in which prison officials believed that Seeber had a blue balloon in his mouth, which was never found. [Record No. 1 at ¶ 4-6, 63-70, 100] The remainder of the paragraphs allege claims specific to Pasha, including claims of deliberate indifference to his medical needs, due process violations and other First and

Eighth Amendment violations, arising from unrelated incidents in which Seeber was not involved. As a result, the Court determined that, under Rule 21 of the Federal Rules of Civil Procedure, "the most economical and just manner in which to proceed is to sever Seeber's claims from this action." [Record No. 7] In making this determination, the Court reflected on the fact that Pasha has a history of attempting to file litigation jointly with other inmates and the allegations related to Pasha's claims clearly dominate the tendered Complaint. Severance of the plaintiffs' claims is also the better course because Seeber and Pasha are no longer housed in the same facility and Seeber did not sign his motion to proceed in this case *in forma pauperis*, raising questions regarding Seeber's involvement in pursuing his claims.

Notwithstanding the foregoing, Plaintiff Pasha has filed a "Motion to Recuse due to Bigotry," claiming that race was a factor in the Court's earlier decision. [Record No. 15] With regard to this claim, judicial disqualification or recusal is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." Section 455(b)(1) further requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "A district court judge must recuse himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (quotation marks omitted). This is an objective standard. *Id*. As explained in *Liteky v. United States*, 510 U.S. 540 (1194):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (*i.e.*, apart from surrounding

comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id*. at 555.

The Sixth Circuit has adopted the *Liteky* standard in judicial disqualification cases and has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted); *see also Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006). And as the Sixth Circuit noted in *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980), unnecessary recusals waste judicial resources. Likewise, granting groundless disqualification motions also encourages judge-shopping.

The Court has considered the factors of 28 U.S.C. § 455 and determines that recusal is neither required nor warranted. Simply put, race was not a factor considered in the Court's decision to sever Pasha's claims from those asserted by Seeber, and there is no objective or reasonable basis for the plaintiff to make such a claim. Following severance, both parties were permitted to pursue their claims based on the merit of each. However, Pasha will not be allowed to avoid payment of the required filing fee by joining his claims with those of Seeber. That is not a decision involving race, but the effect of frivolous litigation that Pasha has pursued previously.

Accordingly, it is hereby

**ORDERED** that Plaintiff Uriah Marquis Pasha's motion for recusal [Record No. 15] is **DENIED**.

Dated: December 6, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge