UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| URIAH MARQUIS PASHA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-595-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA PAYTON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of three motions filed by Plaintiff Uriah Marquis Pasha. First, Pasha has filed a motion for a temporary restraining order, seeking to compel Defendant James Erwin, the Commissioner of the Kentucky Department of Corrections ("KDOC"), to follow a recommendation allegedly made by a medical care provider that Pasha be transferred to the Kentucky State Reformatory ("KSR") to be fitted for low-cut workboots and insoles. [Record No. 18][1]

To warrant the issuance of a temporary restraining order, the movant must demonstrate facts sufficient to warrant the imposition of preliminary injunctive relief under Federal Rule of Civil Procedure 65(a), as well as satisfy the extraordinary requirements required by Federal Rule of Civil Procedure 65(b). *Service Employees Intern. Union Local 1 v. Husted*, 698 F.3d 341, 344 (6th Cir. 2012) ("...a preliminary injunction is an extraordinary form of relief and that the moving party in the district court has the burden of proving that the circumstances clearly

---

[1] Pasha is currently confined at the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky.

-1-

demand it.") (quotation marks omitted). To determine whether preliminary injunctive relief is warranted, the Court considers whether the moving party has demonstrated: (1) a substantial likelihood of success on the merits; (2) irreparable harm if the injunction is not granted; (3) the absence of substantial harm to others if the injunction is granted; and (4) furtherance of the public interest if the injunction is granted. *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014). While "no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Here, Pasha seeks an order directing prison officials to transfer him to another state facility. However, placement and classification decisions with respect to state prisoners are within the discretion of jail or prison officials. *See e.g.*, 501 Ky. Admin. Regs. 3:110. And Pasha provides no reason why the Court should interfere with these decisions, even if it has the authority to do so. *See LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) ("Absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed."). Thus, there is no likelihood of success on the merits of Pasha's claim.

In addition, a request for a temporary restraining order seeks preliminary injunctive relief without prior notice to the other parties. Fed. R. Civ. P. 65(b)(1). But "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The movant therefore must state specific facts in an affidavit or a verified complaint which demonstrate that he will suffer immediate and irreparable injury *before* the opposing party can be notified and heard in opposition, and must certify in writing the efforts that were made to notify the opposing party and explain why

further efforts should not be required. Fed. R. Civ. P. 65(b)(1)(A), (B). Pasha's motion is not verified or supported by an affidavit, nor does he explain how he will suffer immediate and irreparable injury before the opposing party can be notified and heard. Having failed to satisfy the substantive and procedural requirements of Rule 65(a) and (b), the Court will deny Pasha's motion for a temporary restraining order.

Next, Pasha has filed a motion seeking reconsideration of the Court's November 26, 2018, Order [Record No. 11] denying Pasha's motion to appoint counsel. [Record No. 19] In this Order, the Court explained that, without a properly-filed complaint before it, it is unable to evaluate whether the exceptional circumstances exist that would justify the appointment of counsel. [Record No. 11] A court may grant relief under Rule 59(e) only to (1) correct a clear error of law; (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *American Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanek*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012). Pasha's motion does not satisfy any of these criteria. Instead, he expresses disagreement with the Court's conclusion that appointment of counsel is not warranted. Pasha further states that, although he has attempted to obtain counsel, the attorney he contacted declined to represent him "[b]ecause as with all lawyers in Kentucky, no one wish to go against the Kentucky Department of Corrections." [Record No. 19 at p. 2]

Pursuant to 28 U.S.C. § 1915(e)(1), a federal court is authorized to appoint counsel to represent a *pro se* party in civil litigation, but only in truly exceptional circumstances. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). When considering whether to grant such a request, the court considers the complexity of the case, the movant's likelihood of success on

the merits of the claim, and the ability of the plaintiff to represent himself competently. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009).

In this case, as set forth in his pleadings thus far, the claims asserted by Pasha are not unduly complex and his pleadings have included narrative descriptions of the factual background of his claims and addressed both the procedural and substantive aspects of them. [Record No. 1, 14] The Court has considered the *Lanier* factors and concludes that this case does not present the type of extraordinary circumstances which would warrant the appointment of counsel. This motion, therefore, will be denied.

Before turning to Pasha's next motion to reconsider [Record No. 21], the Court must address an issue related to his payment of the filing fee in this case. On November 7, 2018, this Court entered an Order finding that, because Pasha has filed three or more civil cases or appeals in federal court which were dismissed as frivolous or for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(g), he must pay the filing fee in full at the outset of the case. [Record No. 7] Thus, the Court directed Pasha to pay both the $350.00 filing fee *and* the $50.00 administrative fee in full within thirty days.

But rather than submit the filing fee "in full" as ordered, Pasha submitted two partial payments of $200.00 each. Due to clerical error, the first of these $200.00 payments was accepted by the Clerk of the Court. However, the second $200.00 payment was returned to Pasha, as the Clerk's Office does not accept partial filing fees unless there is an Order granting a motion for leave to proceed *in forma pauperis*. [Record No. 20, 20-1] Thus, at this point, although Pasha has submitted $400.00 total, the Clerk of the Court has only accepted one $200.00 payment, with the second $200.00 payment having been returned to Pasha. [Record No. 20]

Although Pasha's submission of two partial $200.00 payments was not in technical compliance with the Court's Order, nor with the requirements of 28 U.S.C. § 1915(g), in light of the clerical error involved in initially accepting less than full payment, the Court finds that Pasha's payment obligations have been satisfied and this matter will be submitted for screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

Finally, Pasha has also filed a motion to reconsider the Court's December 6, 2018, Order [Record No. 17] denying Pasha's motion for recusal. [Record No. 21] Although styled as a motion to reconsider the Court's Order denying Pasha's motion for recusal, Pasha's motion references a multitude of issues, including the legitimacy of the policies of the Clerk of the Court and the Prison Litigation Reform Act, as well as Pasha's continued disagreement with the Court's Order severing Blane Seeber's claims from this action. [Record No. 21] However, Pasha's disagreement with the law and/or policies of the Clerk of the Court are not grounds to reconsider the Court's Order denying his motion to recuse under Rule 59(e). *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). Moreover, to the extent that Pasha continues to disagree with the Court's severance Order, the Court has already considered and denied Pasha's motion to reconsider this Order. [Record No. 13] Pasha provides no reason why that issue should be re-visited again.

Notwithstanding the broad nature of Pasha's motion, the motion primarily appears to object to the Court's Order directing that he pay the full $400.00 filing fee in light of his "three strikes" pursuant to 28 U.S.C. § 1915(g). [*Id.*] Pasha's specific concern appears to be that, as his second $200.00 payment was returned, his case will be dismissed for failure to prosecute, notwithstanding his efforts to pay the fee. But inasmuch as the Court has now directed that

Pasha's payment obligation has been satisfied by his first payment of $200.00 that was accepted by the Clerk of the Court, his request for relief in this regard is moot.

Accordingly, for the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Plaintiff Pasha's motion for temporary restraining order [Record No. 18] is **DENIED**.

2. Plaintiff Pasha's motion for reconsideration [Record No. 19] of the Court's November 26, 2018, Order is **DENIED**.

3. Plaintiff Pasha's obligation to pay the filing fee in this case pursuant to 28 U.S.C. § 1915(g) has been **SATISFIED**.

4. Plaintiff Pasha's motion for reconsideration [Record No. 21] of the Court's December 6, 2018, Order is **DENIED**.

5. This matter stands submitted for initial screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

Dated: December 14, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge