UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| URIAH MARQUIS PASHA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-595-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA PAYTON, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of a filing styled "motion to force United States Marshal Service to rescind may be threat to the life of a judge of the United States request for plaintiff's moves" submitted by Plaintiff Pasha. [Record No. 30] Pasha's motion states that he recently received a copy of a notice dated September 17, 1999, from the United States Marshals Service for the Western District of Kentucky and addressed to the Kentucky State Penitentiary, indicating that Pasha is under investigation by the United States Marshals Service "as he/she may be a threat to the life of a Judge of the United States, or other Protectees." [Record No. 30-1] The notice requests that the Judicial Security Division Duty Desk of the Marshals Service be contacted as soon as possible if Pasha is released, transferred, escapes, or leaves the institution for any reason. [*Id.*]

Pasha states that the notice is twenty years old and claims that it is illegal, void, unenforceable, highly prejudicial, and is causing him irreparable harm. [Record No. 30] According to Pasha, the notice "is holding [Pasha] hostage to answer without any remedy to Petition The Government For Redress Of Grievance." [*Id.*] He further contends that the notice compromises the undersigned's ability to preside over this action, "due to the fact Judge Reeves is a Judge of the United States, and Plaintiff is under investigation as he may be a threat to the life of Judge Reeves." [*Id.*] As relief, Pasha requests that the Court issue an order directing the United States Marshals Service to rescind the notice. [*Id.*]

Pasha's request for relief from this notice (which is more in the nature of habeas relief) is completely unrelated to the claims being pursued in this lawsuit: namely, that various prison officials at the Northpoint Training Center violated his rights under the Eighth Amendment of the United States Constitution by using excessive force against him and/or acting with deliberate indifference to his serious medical needs. In addition, neither the United States Marshals Service for the Western District of Kentucky nor officials with Kentucky State Penitentiary (which is not located in this judicial district) are defendants in this action and the Court does not have jurisdiction over them.

Next, to the extent that Pasha suggests that the notice requires recusal of the undersigned, the Court begins from the proposition that judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is an objective standard, requiring

a judge to recuse himself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990) (citations omitted). The Sixth Circuit has cautioned, however, that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted); *see also Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006). And, as the Sixth Circuit noted in *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980), unnecessary recusals waste judicial resources. Likewise, granting groundless disqualification motions encourages judge-shopping.[1]

The Court has considered the factors of 28 U.S.C. § 455 and determines that recusal is neither required nor warranted. The notice submitted by Pasha was filed almost twenty years ago and does not refer to a threat to any particular judge. Moreover, the notice was filed by the United States Marshals Service for the Western District of Kentucky, which provides judicial security for that judicial district, not the United States District Court for the Eastern District of Kentucky. Thus, there is no reason to infer from this notice that Pasha may be a threat to the undersigned.

In fact, given the vague nature of the notice (and the unspecific threat referenced therein), if the notice requires recusal of the undersigned, it would also require recusal

---

[1] It is not lost on the Court that, to the extent that Pasha's motion seeks recusal, it is his fourth such motion in this case. [Record No. 12, 15, 21]

of *every* federal judge in *every* judicial district. However, "a rule which would disqualify everybody must be held to disqualify nobody." *United States v. Mattison*, 731 F. Supp. 831, 833 (M.D. Tenn. 1990) (recusal not required based on threat defendant allegedly mailed that was neither judge nor district-specific, as tenor of threat was that any government official would "risk incurring defendant's wrath," should they fail to act to his satisfaction, thus problem could not be solved by a change of venue or importing a judge from another district). Simply put, there is absolutely no basis for the requested recusal. Accordingly, it is hereby

**ORDERED** that Pasha's "motion to force United States Marshal Service to rescind may be threat to the life of a judge of the United States request for plaintiff's moves" [Record No. 30] is **DENIED** in all respects.

Dated: February 15, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge