UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:18-CV-595-DCR

URIAH MARQUIS PASHA,                                                              PLAINTIFF,

V.                          **RECOMMENDED DISPOSITION**

JESSICA PAYTON, *et al.*,                                                         DEFENDANT.

*** *** *** ***

This matter is before the Court on Plaintiff Uriah Marquis Pasha's Motion for partial summary judgment against Defendant Stephanie Thompson pursuant to FED. R. CIV. P. 56. [R. 108]. Pasha conclusively claims in the instant matter that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights when he was denied the ability to purchase low-cut work boots by Thompson. [R. 1 at ¶ 124; R 108 at 834]. The issues being ripe, this Court RECOMMENDS that Pasha's Motion be DENIED.

The facts surrounding this case are disputed among the parties. But this Court will note the facts that are currently not in dispute. Pasha is currently confined in Little Sandy Correctional Complex, located in Sandy Hook, Kentucky. [R. 133]. Proceeding *pro se*, Pasha filed this 42 U.S.C. § 1983 prisoner civil rights action against fifteen prison officials at the Northpoint Training Center, including Thompson, alleging various constitutional violations. [R. 1]. Although Pasha sued all fifteen defendants in their individual and official capacities, the District Court dismissed all claims against defendants in their official capacities in its preliminary review of his Complaint. [R. 28 at 7]. The District Court also dismissed several claims against defendants in their individual capacities but permitted Pasha to proceed with his Eighth Amendment claim as it relates to his

assertion of deliberate indifference to his serious medical needs against Thompson. [R. 28 at 13, 25]. Therefore, Pasha's current Motion against Thompson will be evaluated as a claim against her in her individual capacity.

On August 14, 2019, Pasha filed this motion for partial summary judgment against only Thompson, alleging violations of his Eighth Amendment rights as it relates to the denial of allegedly prescribed shoes. [R. 108]. Thompson is employed as the Medical Administrator at the Northpoint Training Center. [R. 1 at 3]. In Pasha's current filing, he argues that Thompson acted with deliberate indifference to his serious medical needs when she "forced him to wear [the shoes] in all climates, and while working in body waste as a Janitor," which he contends constituted cruel and unusual punishment under the Eighth Amendment. [R. 108 at 834]. Pasha argues that he is entitled to partial summary judgment because there is no genuine dispute concerning his need for medical shoes. [*Id.*] Specifically, Pasha directs the Court to consider the damage done to the toe area of the right shoe, which he argues is proof of cruel and unusual punishment. [*Id.*] Thompson disputed Pasha's allegations of acting deliberately indifferent and denying his low-cut work shoes in her Answer, but Thompson did not respond to Pasha's Motion and present contrary evidence. [R. 44 at 2].

Summary judgment is only appropriate when "there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This standard for summary judgment consequently places an initial burden on the moving party to show both that there is no genuine dispute to any material facts and that those facts present a prima facie showing that would entitle the movant to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (stating that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion"). In other words, "[t]he

movant must meet the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case . . . [t]his burden may be met by pointing out to the court that the [non-moving party] had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (internal quotation marks omitted). Only if this initial burden is met does the movant's motion then "require[] the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). This is so because "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id.* at 323–24. To avoid summary judgment, the non-movant must come forward with evidence on which a jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). At the summary judgment stage, a court "views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the party's favor." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008).

At the outset, this Court recognizes that it must evaluate Pasha's claims under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, Pasha's barebone attempt at obtaining summary judgment by making vague and conclusory allegations without supporting facts or evidence is insufficient, even for a *pro se* plaintiff. *See Bosley v. Singleton*, 237 F.R.D. 401, 403 (S.D. Ohio Nov. 9, 2005) (citing *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990)). While no response was filed by Thompson, Pasha does not overcome his initial burden of showing that he is entitled to judgment as a matter of law. In other words, Pasha has not met his initial burden of showing how

the facts he presented in his one-page Motion for partial summary judgment creates a prima facie showing of cruel and unusual punishment. FED. R. CIV. P. 56.

Section 1983 is an Act that creates a vehicle for plaintiffs to enforce the provisions of the United States Constitution and federal laws in response to conduct of a defendant taken under color of state law. To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). The parties do not dispute that Thompson was acting under color of state law at the time of the alleged incident. Consequently, this "Court's inquiry must focus on" the first prong— "whether there was an actionable deprivation of a right secured under the Constitution or the laws of the United States." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005). For purposes of the instant matter, Pasha asserts only a constitutional claim pursuant to the Eighth Amendment against Thompson, arguing that he is entitled to partial summary judgment because Thompson's actions were "deliberately indifferent to his needed medical treatment[] when she failed to or refused to ensure he received the shoes and physical therapy recommended by Dr. Clifford." [R. 108 at 835].

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (internal quotation marks and citations omitted). "[T]the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny [under] the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 531 (1993). The Constitution requires the Government, and those who have been delegated governmental power, "to provide medical care for those whom it is punishing by incarceration," and "the failure to provide such medical care

may result in a violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Estelle*, 428 U.S. at 103). "Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Estelle*, 429 U.S. at 104). Thus, "to state a cognizable claim [under the Eighth Amendment regarding medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs. *Estelle*, 429 U.S. at 106. In other words, a prisoner must show both "deliberate indifference" and "serious medical needs." *Id.*; *see also Watkins*, 273 F.3d at 686 (stating "[t]o sustain a cause of action under § 1983 for failure to provide medical treatment, plaintiff must establish that the defendants acted with deliberate indifference to serious medical needs").

Assuming, without deciding, that Pasha had a serious medical need, he nevertheless fails to show Thompson was deliberately indifferent. According to the Supreme Court, an Eighth Amendment deliberate-indifference claim requires both an objective and subjective component. *Cornstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001); *see also Harrison*, 539 F.3d at 518 (stating "the failure to address a serious medical need rises to the level of a constitutional violation" only "where both objective and subjective requirements are met"). In other words, "the deliberate indifference standard contains both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable mind?). *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)).

Pasha does not establish that his constitutional rights were violated by Thompson because

he presents no evidence of the subjective component necessary to make his prima facie Eighth Amendment claim. *Harrison*, 539 F.3d at 518. "The Supreme Court has defined deliberate indifference as being more than mere negligence but less than acting with purpose or knowledge . . . [i]nstead, the prison official must have acted with a state of mind similar to recklessness." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010). To prove the required level of culpability, a plaintiff must allege facts which, if true, would show that: "(1) the official being sued subjectively perceived facts from which to infer substantial risk to the prisoners; (2) the officials did in fact draw the inference; and (3) the officials then disregarded that risk." *Anthony v. Swanson*, 701 Fed.App'x 460, 463 (6th Cir. 2017). Under this framework, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

Pasha bears the "onerous burden of proving the official's subjective knowledge." *Cornstock*, 273 F.3d at 703. However, "this element is subject to proof by the usual ways, including inference from circumstantial evidence." *Id.* Thus, it is "permissible . . . to infer from circumstantial evidence that a prison official had the requisite knowledge." *Id.* A "court must also consider other factors—such as the obviousness of the risk, the information available to the official, the observable symptoms, and the expected level of knowledge of the particular official." *Sours v. Big Sandy Reg'l Jail Auth.*, 593 Fed.Appx 478, 484 (6th Cir. 2014). "If a risk is obvious or if it is well-documented and circumstances suggest that the official has been exposed to information such that she must have known of the risk, the evidence is sufficient for a jury to find that the official had knowledge." *Sours*, 593 at 484. Accordingly, "a prison official may not escape liability if the evidence showed that he merely refused to verify facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." *Cornstock*,

273 F.3d at 703. But, "it is not enough for the plaintiff to demonstrate a question of fact whether the [defendants] should have known" that there was a substantial risk of harm. *Watkins*, 273 F.3d at 686.

It appears that Pasha attempts to show the subjective intent by stating, without supporting evidence, that Thompson "failed or refused to ensure he received the shoes and physical therapy recommended by Dr. Clifford." [R. 108 at 835]. But it is unclear from the evidence proffered in this Motion the obviousness of the risk, the information available to the Thompson, the observable symptoms, and the expected level of knowledge of the Thompson. *Sours*, 593 Fed.Appx at 484. Pasha did not show how much medical attention he has received. Nor did he proffer any exhibits of Dr. Clifford's diagnosis, testimony, or written recommendations regarding his shoes Thompson allegedly "forced" him to wear. The only evidence presented in Pasha's instant Motion is the "wear" of the right shoe with damage caused to the toe area and the receipts for his new shoes that were allegedly prescribed by Dr. Clifford. [R. 108 at 834]. Thus, this evidence presented by Pasha at most shows a difference of opinion between him and Thompson regarding the appropriate shoe he should wear. This does not generally create a constitutional claim. *See Tolbert v. Eyman*, 434 F.2d 625 (9th Cir. 1970); *Byrd v. Wilson*, 701 F.2d 592 (6th Cir. 1983). In *Davis v. Powell*, the Sixth Circuit explained that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." 110 Fed.App'x 660, 662 (citing *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004).

While it appears that the Pasha did not get what he wanted with his shoe request, what he wants is not the issue. The issue is whether Pasha presented sufficient evidence to suggest that

Thompson had a "sufficiently culpable mind." *Watkins*, 273 F.3d at 686. Not "every claim by a prisoner that he has not received adequate medical treatment . . . [is] a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. Accordingly, it is unclear how an inference may be reached from the circumstantial evidence presented that Thompson had the requisite knowledge required for deliberate indifference. *Cornstock*, 273 F.3d at 703. This Court is not required to search the record to find evidence to help Pasha make his claims. Thus, there is insufficient evidence to establish that Thompson had a culpable state of mind to constitute deliberate indifference. Therefore, the Court concludes that a reasonable jury could not conclude that Thompson was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]." *Farmer*, 511 U.S. at 825, 837.

In sum, merely attaching a receipt for his new shoes and asserting that the "wear" on his old shoe is evidence of cruel and unusual treatment is insufficient to establish judgment as a matter of law. [R. 108 at 834]. The Court is not required to create a claim for Pasha, nor "conjure up unpled allegations." *Moorman v. Herrington*, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009). Conclusory allegations that Thompson acted wrongfully or violated Pasha's constitutional rights is insufficient to grant his request for partial summary judgment. *Laster v. Pramstaller*, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008). Therefore, Pasha failed to initial burden of showing that he is entitled to judgment as a matter of law under FED. R. CIV. P. 56. Accordingly, having considered the record and being otherwise advised,

IT IS RECOMMENDED that Pasha's motion [R. 108] be DENIED.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must

be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. FED. R. CIV. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not sufficient to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. FED. R. CIV. P. 72(b)(2).

Signed November 21, 2019.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge