UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| URIAH MARQUIS PASHA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-595-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JESSICA PAYTON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Uriah Marquis Pasha has filed a motion to reinstate the former Commissioner of the Kentucky Department of Corrections ("KDOC") James Erwin as a defendant in this matter. [Record No. 72] The motion was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a report and recommendation in accordance with 28 U.S.C. § 636(b). Magistrate Judge Atkins recommended that the motion to reinstate former Commissioner Erwin be denied. [Record No. 134]

Pasha also filed a motion for a temporary restraining order to keep the defendants' agents from confiscating his legal material and requiring that they return a CD mailed to him by his attorney. [Record No. 101] He asserts he received the CD, but it was confiscated and he has not yet been given access to it. [*Id*.] Magistrate Judge Atkins recommended that the Court deny Pasha's motion for a temporary restraining order because he did not certify in writing the efforts made to provide notice to the defendants and did not address or satisfy any of the factors necessary for the issuance of a temporary restraining order. [Record No. 113]

Pasha did not file any timely objections to the Recommended Disposition. While the Court must conduct a *de novo* review of the portions of the Magistrate Judge's recommendation to which timely objections are made, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court has reviewed the record and independently determines that Pasha's motion for a temporary restraining order and motion to reinstate former Commissioner Erwin should be denied.

**I.**

Pasha instituted this action against prison officials at the Northpoint Training Center ("Northpoint") under 42 U.S.C. § 1983. He is currently housed in Little Sandy Correctional Complex in Sandy Hook, Kentucky. [Record No. 133] Pasha originally asserted various constitutional claims against fifteen defendants, including former Commissioner Erwin. He asserted that Erwin acted with deliberate indifference to his medical needs, provided an inadequate response to his grievances, transferred him to a different penal institution in retaliation for filing a claim against the staff, and assigned Officer Brown to supervise inmates while Brown had criminal assault charges pending. [Record No. 1]

After conducting a preliminary review of Pasha's Complaint, the Court found that the following claims could go forward:

> a. Pasha's Eighth Amendment claim against Defendant Mendalyn Cochran alleged at ¶112;
>
> b. Pasha's Eighth Amendment claims against Defendants Davis Brown and Brett Shearer alleged at ¶113;

c. Pasha's Eighth Amendment claims against Defendants Lee N. May and William Miller alleged at ¶115;

d. Pasha's tort claims against Defendants Brown and Shearer alleged at ¶116;

e. Pasha's Eighth Amendment claim against Defendant Brown alleged at ¶118;

f. Pasha's Eighth Amendment claims against Defendants Michael Long and Rainwater alleged at ¶119;

g. Pasha's Eighth Amendment claims against Defendants Long, Rainwater, Brown and Shearer alleged at ¶120;

h. Pasha's Eighth Amendment claim against Defendant Jessica Payton alleged at ¶122;

i. Pasha's Eighth Amendment claims against Defendant Stephanie Thompson alleged at ¶¶124-126;

j. Pasha's Eighth Amendment claim against Defendant James Smith alleged at ¶128.

[Record No. 28 (referencing Record No. 1).]

Erwin was dismissed from this matter in both his official and individual capacities. [*Id*.] Pasha then filed a motion to grant him leave to reinstate Erwin as a defendant because he (Erwin) was allegedly terminated for acts similar to those that Pasha alleges in his Complaint. [Record No. 72] Pasha provided a news article discussing sexual misconduct and cover-ups at Kentucky prisons. [Record No. 72-1] He believes that this article demonstrates that Erwin previously covered-up bad acts of his employees and that the article states that he was fired for not terminating two prison officials at the Kentucky State Reformatory. Pasha believes that Erwin is a necessary and indispensable party under Kentucky Revised Statutes ("KRS") § 196.035.

Magistrate Judge Atkins filed a Recommended Disposition, recommending that the Court deny Pasha's motion to reinstate Erwin. [Record No. 134] He first concluded that Pasha

does not present a cognizable claim against Erwin in his official capacity under § 1983. Further, the magistrate judge recommended that Pasha's claim for injunctive relief against Erwin in his individual capacity should be denied because Pasha has not explained how Erwin was personally involved in his claims, that any injunctive relief can be obtained from the remaining defendants, and that Erwin is not a necessary and indispensable party.

## II.

**A. The motion to reinstate will be denied because Pasha does not present a cognizable claim against Erwin in his official capacity and does not demonstrate how Erwin was personally involved in his individual capacity.**

The claims will not be reinstated against Erwin in his official capacity because a claim against a state official arising out of his or her conduct as a state employee is actually a claim against the state agency, not against the individual employee. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). The claims against Erwin in his "official capacity" were claims against KDOC. However, KDOC cannot be sued under § 1983 because KDOC is not a person. Further, the Eleventh Amendment deprives this Court of jurisdiction over claims for money damages against state agencies. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993). For these reasons, the Court agrees with Magistrate Judge Atkins that Pasha's request to reinstate Erwin in his official capacity should be denied.

Second, Pasha seeks injunctive relief against Erwin in his individual capacity with regards to his medical care, the handling of his grievances, his transfer to another facility, and the assignment of Officer Brown. He contends that his claims for injunctive relief are based on Erwin's failure to train and failure to protect him. To bring a claim against a state official in his individual capacity under § 1983, the official must be "personally involved" in the

conduct. *Merriweather v. Zamora*, 569 F.3d 307, 319 (6th Cir. 2009); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003). But as As Magistrate Judge Atkins correctly states, Pasha's claim for injunctive relief against Erwin cannot succeed because he is no longer employed by KDOC and cannot provide the relief that Pasha seeks. "Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job." *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Counties*, 150 F. App'x 389, 401 (2005); *see also Lee v. George*, No. 3:11-CV-00668, 2012 US. Dist. LEXIS 70313, *3-4 (W.D. Ky. May 18, 2012). Further, even if Pasha could sue for injunctive relief against an official in his individual capacity, Erwin could not provide the relief sought since he no longer works for KDOC.

Pasha also fails to demonstrate how the news article presents any new evidence that supports that Erwin was personally involved in the deprivation of his constitutional rights. First, Pasha sought to bring a claim against Erwin for acting with deliberate indifference to his medical needs. The Eighth Amendment forbids prison officials from acting with "deliberate indifference towards [an] inmate's serious medical needs." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

> A public official may not be held liable under § 1983 for the misconduct of those the official supervises unless the plaintiff can demonstrate that the official is culpable because he was personally involved in the allegedly inadequate medical care provided to the [individual] or that he otherwise encouraged or condoned others in providing such inadequate medical care.

*Estate of Young v. Martin*, 70 F. App'x 256, 260-61 (6th Cir. 2003). As this Court previously explained, Erwin was not personally involved in the medical care of Pasha, nor did Pasha assert that Erwin otherwise encouraged or condoned inadequate medical care. Erwin was not

involved in the decision to purchase low-cut work boots, nor was he involved in any decision denying Pasha access to certain prescriptions or a hearing aid. As Magistrate Judge Atkins explains, nothing in the article provided by Pasha provides any additional facts showing how Erwin was personally involved in Pasha's medical care.

Next, Pasha asserted that Erwin failed to respond or inadequately responded to grievances. He claimed that Erwin violated his First, Eighth, and Fourteenth Amendment rights by inadequately addressing his grievances. Additionally, he claimed that Erwin was deliberately indifferent for failing to enforce a health care grievance recommendation regarding dentures and low-cut work boots. Prison officials are not liable under § 1983 for denying or failing to act on grievances. *See Barnett v. Luttrell*, 414 F. App'x 784, 787 (2011). Additionally, Erwin was not personally involved in Pasha's medical care, so he cannot be held liable for a constitutional claim in his individual capacity regarding Pasha's medical care. *Estate of Young,* 70 F. App'x at 260-61. Additionally, Pasha cannot impose liability on Erwin merely because he was the Commissioner of KDOC because respondeat superior is not an available theory of liability. *Boler v. Earley*, 865 F.3d 391, 416-17 (2017) (citing *Polk Cty. V. Dodson*, 454 U.S. 312, 325 (1981)). In short, nothing in the article provided by Pasha changes the Court's prior decision that his claim should be dismissed.

Further, Pasha wished to assert a claim against Erwin for transferring him to a maximum-security facility because he believes it was in retaliation for filing a complaint against the staff. He sought to assert claims under the First, Eighth, and Fourteenth Amendments. However, because Pasha has no liberty interest in being placed in a particular penal institution, there is no Fourteenth Amendment protection. *See Olim v. Wakinekona*, 461 U.S. 238, 247 (1983). Additionally, the Court has previously concluded that Pasha failed to

plead facts sufficient for a retaliation claim under the First Amendment or for a claim of "cruel and unusual" punishment under the Eighth Amendment. Nothing in the article provides new evidence to support a prima facie case of retaliation or add facts demonstrating unconstitutional conduct.

Pasha's last claim against Erwin was for allegedly allowing Officer Brown to supervise inmates when he had criminal charges for assault pending. He claimed Erwin violated his rights under the Eighth and Fourteenth Amendments because Erwin failed to properly hire, train, and supervise Officer Brown.

> § 1983 liability of supervisory personnel must be based on more than the right to control employees. Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Nothing indicates that Erwin had any personal involvement in assigning Officer Brown or that he authorized, approved, or knowingly acquiesced in any unconstitutional conduct.

Because Pasha has not presented any new evidence to disturb the Court's previous ruling and reinstate former Commissioner Erwin, his motion will be denied.

**B. Pasha fails to demonstrate that a temporary restraining order is proper.**

"The factors to be weighed before issuing a TRO are the same as those considered for issuing a preliminary injunction." *Contrech Casting, LLC v. ZF Steering Sys., LLC*, 931 F. Supp. 2d 809, 814 (E.D. Mich. 2013). The Court looks at the following factors to determine if issuing a temporary restraining order is an appropriate remedy:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)); *see also Am. Civil Liberties Union Fund of Michigan v. Livingston Cty.*, 796 F.3d 636, 642 (6th Cir. 2015). The four factors are not prerequisites and do not need to be given equal weight. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *Suster v. Marshall*, 149 F.3d 523, 528 (6th Cir. 1998). Further, the plaintiff bears the burden of establishing that a temporary restraining order is proper. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

"An injunction is a form of relief, a remedy, which must be based upon a valid claim." *Smith v. Thompson*, 638 F. Supp. 2d 754, 756 (E.D. Ky. 2009). In *Chandler v. Williams*, the plaintiff filed a civil rights action for violations of his First, Eighth, and Fourteenth Amendment rights for failing to create a separate prison for sex offenders, failing to protect him, and refusing to allow him to receive what was deemed sexually explicit material. No. CV. 08-962-ST, 2010 U.S. Dist. LEXIS 89034, at *2-3 (D. Or. Aug. 26, 2010). The plaintiff then filed a motion for a temporary restraining order and preliminary injunction requesting to attend "early" chow in the dining hall, place his housing unit in the first meal rotation, and guarantee his placement in mental health housing. *Id*. at *1. The court explained that there was nothing in the operative pleading regarding the timing of his meals or regarding housing based on a mental impairment. *Id*. at *3. The operative pleading pertained only to violations

of his First, Eighth, and Fourteenth Amendment rights. *Id*. The court concluded that "because the claims raised in plaintiff's Motion seeking a temporary restraining order and preliminary injunctive relief are not at issue in this case, he is unable to demonstrate any likelihood of success on the merits of these claims. As such, preliminary injunctive relief is not appropriate." *Id*. (referencing *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7 (2008)).

Similar to *Chandler*, Pasha's claims in his temporary restraining order are not at issue in his case and none of his remain claims relate to his access to his legal materials. Accordingly, he cannot show a likelihood of success on the merits. Further, Pasha has not demonstrated irreparable harm or that a temporary restraining order is in the public interest. Additionally, he has not discussed whether granting relief will cause substantial harm to others.

As Magistrate Judge Atkins correctly notes, a temporary restraining order issued without notice requires that a party provide "specific facts in an affidavit or verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Pasha has not certified in writing that he made any efforts to provide notice of the temporary restraining order to the defendants. In summary, the issuance of a temporary restraining order is not proper and his motion will be denied.

**III.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Pasha's motion to reinstate former Commissioner James Erwin [Record No. 72] is **DENIED**.

2. Magistrate Judge Atkins Recommended Disposition [Record No. 134] is **ADOPTED** and **INCORPORATED** by reference.

3. Pasha's Motion for a Temporary Restraining Order [Record No. 101] is **DENIED**.

Dated: November 27, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky