UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| URIAH MARQUIS PASHA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-595-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JESSICA PAYTON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Uriah Pasha has filed a motion for partial summary judgment regarding his Eighth Amendment claim against Defendant Stephanie Thompson. In support, Pasha stated there is no genuine dispute over any material fact concerning his need for medical shoes or Thompson's denial of his request for low-cut work boots. [Record No. 108] This matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a recommendation in accordance with 28 U.S.C. § 636(b). Magistrate Judge Atkins filed a Recommended Disposition, concluding that Pasha's motion for summary judgment should be denied. [Record No. 143]

This Court conducts a *de novo* review of those portions of the Magistrate Judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require that district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Here, Pasha submitted untimely objections to the Recommended Disposition. But after considering the record and Pasha's

objections, the Court concludes that he has failed to produce any evidence demonstrating a prima facie case for a violation of his Eighth Amendment rights. Accordingly, his motion for partial summary judgment will be denied.

## I.

Pasha filed this civil rights action against prison officials at the Northpoint Training Center ("Northpoint") under 42 U.S.C. § 1983. He originally asserted various constitutional claims against fifteen defendants. After conducting a preliminary review of Pasha's Complaint, the Court found that among a handful of other claims, Pasha's Eighth Amendment claim against Defendant Thompson (alleged at ¶¶124-126 of his Complaint) could go forward against her in her individual capacity. [Record No. 28]

Pasha asserts that Thompson acted with deliberate indifference to his serious medical needs by failing and/or refusing to ensure that he received the proper medical shoes and physical therapy recommended by Dr. Clifford. Thompson is the medical administrator at Northpoint Training Center. In his motion for summary judgment, Pasha contends that Thompson "forced him to wear certain shoes in all climates and while working in body waste as a Janitor." He asserts that the "wear" on the toe of one of his shoes and not being allowed low-cut work boots constitute cruel and unusual punishment. While Thompson disputed acting deliberately indifferent and denying Pasha low-cut work boots in her Answer, she did not respond to Pasha's motion for summary judgment. [Record No. 44]

Magistrate Judge Atkins filed a Recommended Disposition, concluding that Pasha had not overcome his initial burden of demonstrating how he is entitled to summary judgment. More specifically, he has not shown how the facts presented demonstrate a prima facie showing of cruel and unusual punishment. [Record No. 183] The magistrate judge reasoned

that attaching a receipt for new shoes and the "wear" on his old shoes is insufficient to establish cruel and unusual punishment as a matter of law. And he further determined that the conclusory allegations by Pasha are insufficient to grant his request for partial summary judgment. Pasha filed untimely objections, asserting that the record clearly indicates that Defendant Thompson refused to provide him medical shoes and that, because Thompson failed to reply, the plaintiff's motion was "defaulted." [Record No. 150]

## II.

Entry of summary judgment is appropriate if there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). The determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 251-52 (1986).

The moving party carries an initial burden to produce evidence to present a prima facie case that the movant is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 317; *see also Angelo v. Kroger Co.*, No. 86-3912, 1987 U.S. App. LEXIS 11965, at *24 (6th Cir. Sept. 3, 1987) ("The burden of production imposed by Rule 56 requires the moving party to make a prima facie showing that it is entitled to summary judgment.") (internal citations omitted)). Once the moving party has met his or her burden of production, "[the] opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). In deciding whether to grant summary

judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 58. *Pro se* filings are evaluated under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution or the laws of the United States (2) that was committed by a defendant acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is not disputed that Thompson was acting under the color of state law during the alleged incident. Accordingly, this opinion focuses solely on whether there was a deprivation of Pasha's constitutional right to be free from cruel and unusual punishment.

The Eighth Amendment requires that the government provide incarcerated individuals medical care and the failure to provide medical care may be a violation of the Eighth Amendment. *Harrison v. Ash*, 539 F.3d 510, 517 (6th Cir. 2008). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

There is both a subjective and objective component to an Eighth Amendment claim. *Id*. The objective component requires the existence of a "sufficiently serious" medical need, meaning that the inmate demonstrates that he "is incarcerated under conditions imposing a substantial risk of serious harm." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A serious medical need

is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Anthony v. Swanson,* 701 F. App'x 460, 463 (6th Cir. 2017).

Demonstrating a defendant's subjective intent "requires a showing that a prison official possessed a sufficiently culpable state of mind in denying medical care." *Miller*, 408 F.3d at 813 (internal citations and quotations omitted). "The prison official's state of mind must evince deliberateness tantamount to intent to punish. . . . Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Id*. (internal citations and quotations omitted). The standard is more than "mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. (internal citations and quotations omitted).

The undersigned agrees with Magistrate Judge Atkins' determination that Pasha has not put forth sufficient evidence to demonstrate a prima facie claim of an Eighth Amendment violation. Magistrate Judge Atkins assumed, without deciding, that Pasha had a serious medical need, but concluded that he failed to show that Thompson was deliberately indifferent. While it is questionable whether Pasha can establish a serious medical need, the Court will also assume, without deciding, that he has a serious medical need. But even assuming this necessary element of his claim exists, Pasha has not presented any evidence that Thompson violated his constitutional rights by acting deliberately indifferent to his medical needs. Pasha only presents a receipt for a new pair of shoes, the "wear" on his old shoes, and the conclusory statement that Thompson "failed or refused to ensure he received the shoes and physical

therapy recommended by Dr. Clifford." [Record No. 72]   He has not presented any evidence of Thompson's subjective intent.

To demonstrate Thompson's subjective intent, Pasha must offer evidence that Thompson was aware of facts indicating that there was a substantial risk to Pasha and actually draw the inference.  *McCain v. St. Clair Cty.*, 750 F. App'x 399, 403 (6th Cir. 2018).  But contrary to the assertion in Pasha's objections (i.e., that the record clearly establishes that Thompson refused to provide the shoes), nothing Pasha has provided is indicative of Thompson's subjective intent.  Pasha has failed to produce any evidence that demonstrates that Thompson was aware of any substantial risk to Pasha's alleged serious medical need and actually drew the inference.  The receipt for tennis shoes and the "wear" on his old shoes do not provide any indication of Thompson's subjective intent.

While Pasha asserts that Thompson "defaulted" because she did not reply, he has not met his initial burden of production to show that there is no genuine dispute as to any material fact *and* that he is entitled to summary judgment as a matter of law.  To prevail on summary judgment, the movant must establish all elements of his claim if he bears the burden of persuasion at trial.  *Celotex Corp.*, 477 U.S. at 331.  Only then does the burden shift to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87.  Thompson's mere failure to respond does not automatically entitle Pasha to summary judgment.  *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) ("A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded").

**IV.**

Because Pasha bears the initial burden to demonstrate the absence of a genuine issue of material fact and because he has failed to meet that initial burden, the Court will deny his request for entry of summary judgment. Accordingly, based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. Pasha's motion for partial summary judgment [Record No. 108] is **DENIED**.

2. Magistrate Judge Atkins' Recommended Disposition [Record No. 143] is **ADOPTED** and **INCORPORATED** by reference.

3. Pasha's objections to the Magistrate Judge's Recommended Disposition [Record No. 150] are **OVERRULED**.

Dated: December 11, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky